# IN THE UNITED STATES COURT OF APPEALS
## FOR THE FIFTH CIRCUIT

United States Court of Appeals
Fifth Circuit

**FILED**
June 1, 2020

Lyle W. Cayce
Clerk

No. 19-31047
Summary Calendar

LACHARMON HARRIS,

Plaintiff - Appellant

v.

DRAX BIOMASS INCORPORATED,

Defendant - Appellee

Appeal from the United States District Court
for the Western District of Louisiana
USDC No. 3:18-CV-709

Before KING, GRAVES, and WILLETT, Circuit Judges.

PER CURIAM:*

Lacharmon Harris, who is African American, sued his former employer, Drax Biomass Inc., under Title VII of the Civil Rights Act of 1964 after he was fired, ostensibly for repeated failures to operate heavy machinery properly. Harris alleged that Drax violated Title VII because its decision to fire him was actually based on his race, not his job performance, and because Drax subjected

---

* Pursuant to 5TH CIR. R. 47.5, the court has determined that this opinion should not be published and is not precedent except under the limited circumstances set forth in 5TH CIR. R. 47.5.4.

No. 19-31047

him to a hostile work environment. The district court granted Drax's motion for summary judgment, holding that Harris had failed to identify direct or circumstantial evidence suggesting that his firing was based on race. The district court also held that Harris was not subjected to harassment severe or pervasive enough to be actionable under Title VII. Harris filed a timely notice of appeal and we now affirm.

## I.

We review a decision to grant summary judgment de novo, applying the same standard as the district court. *EEOC v. Rite Way Serv., Inc.*, 819 F.3d 235, 239 (5th Cir. 2016). "Summary judgment is appropriate only if, viewing the evidence in the light most favorable to the non-moving party, 'the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law.'" *Harville v. City of Houston*, 945 F.3d 870, 874 (5th Cir. 2019) (quoting Fed. R. Civ. P. 56(a)).

### A.

Under Title VII, it is unlawful "to discharge any individual, or otherwise to discriminate against any individual with respect to his compensation, terms, conditions, or privileges of employment, because of such individual's race." 42 U.S.C. § 2000e-2(a)(1). To survive summary judgment, a "Title VII plaintiff must carry the initial burden of offering evidence adequate to create an inference that an employment decision was based on a discriminatory criterion." *Int'l Bhd. of Teamsters v. United States*, 431 U.S. 324, 358 (1977). This prima facie case may be established via direct or circumstantial evidence. *Portis v. First Nat'l Bank of New Albany*, 34 F.3d 325, 328 (5th Cir. 1994). Harris, however, has not established a prima facie case using either option.

#### 1.

"Direct evidence is evidence which, if believed, proves the fact without inference or presumption." *Jones v. Robinson Prop. Grp., L.P.*, 427 F.3d 987,

2

No. 19-31047

992 (5th Cir. 2005) (citing *Brown v. E. Miss. Elec. Power Ass'n*, 989 F.2d 858, 861 (5th Cir. 1993)). To constitute direct evidence of racial discrimination, workplace comments must: (i) relate to a protected classification, such as race; (ii) be temporally proximate to the adverse employment decision at issue; (iii) be made by someone with authority over that decision; and (iv) relate to the decision. *Clark v. Champion Nat'l Sec., Inc.*, 952 F.3d 570, 581 (5th Cir. 2020). Harris argues that he presented direct evidence of discrimination to the district court when he alleged:

> 1) his supervisor, Bobby Cooper, told another Black employee that "a monkey could do your job"; 2) that Cooper continuously hollered and cursed at him; 3) refused to train him to use the chipper/barker once he was assigned to it; 4) Cooper listed Harris as late by the time clock but refused to verify the time Harris clocked in; 5) Cooper would break up any group of Blacks who were talking together waiting for work to begin, telling them they needed to move around, but not say this to white workers; and 6) he was required to work using defective equipment, then cited for damages.

Cooper did not make or recommend the decision to fire Harris, and most of these allegations do not necessarily implicate race, so we would need to make several inferences to conclude that Drax's decision to fire Harris was based on race. That such inferences are necessary means that, even if the summary-judgment record substantiates Harris's allegations, he has not established a prima facie case of discrimination through direct evidence.

**2.**

When a Title VII plaintiff relies on circumstantial, rather than direct, evidence, we apply the burden-shifting framework originally developed in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973). To establish a prima facie case under this framework, Harris must show that he "(1) is a member of a protected group; (2) was qualified for the position at issue; (3) was discharged or suffered some adverse employment action by the employer; and (4) was

No. 19-31047

replaced by someone outside his protected group or was treated less favorably than other similarly situated employees outside the protected group." *McCoy v. City of Shreveport*, 492 F.3d 551, 556 (5th Cir. 2007).

Harris's summary-judgment evidence does not satisfy the fourth element of a prima facie case, because it does not show that he was replaced by someone outside of his protected class or was treated less favorably than a similarly situated comparator of another race. Harris was replaced by Frank Shockley, who is African American.[1]  And neither of the two white employees who Harris identifies as comparators were similarly situated to him; each of those employees was involved in a single incident involving heavy machinery while Harris was involved with several such incidents. *See Lee v. Kan. City S. Ry. Co.*, 574 F.3d 253, 260 (5th Cir. 2009) ("[T]he plaintiff's conduct that drew the adverse employment decision must have been 'nearly identical' to that of the proffered comparator who allegedly drew dissimilar employment decisions." (quoting *Perez v. Tex. Dep't of Criminal Justice*, 395 F.3d 206, 213 (5th Cir. 2004)). Consequently, Harris has not adduced sufficient circumstantial evidence to establish a prima facie case of racial discrimination.

## B.

Harris's summary-judgment evidence does not show that he was forced to work in an actionably hostile work environment. To establish a hostile-work-environment claim under Title VII, Harris must prove that he was subjected to harassment that "affected a term, condition, or privilege of employment." *Hernandez v. Yellow Transp., Inc.*, 670 F.3d 644, 651 (5th Cir. 2012) (quoting *Ramsey v. Henderson*, 286 F.3d 264, 268 (5th Cir. 2002)). To do so, he "must demonstrate that the harassment was objectively unreasonable," and "both

---

[1] Harris argues that Shockley was only a temporary replacement, but uncontroverted evidence shows that Shockley remains employed by Drax performing essentially the same function.

objectively and subjectively offensive." *Dediol v. Best Chevrolet, Inc.*, 655 F.3d 435, 441 (5th Cir. 2011). We evaluate whether conduct was objectively offensive under the totality of the circumstances, including: "(1) the frequency of the discriminatory conduct; (2) its severity; (3) whether it is physically threatening or humiliating, or merely an offensive utterance; and (4) whether it interferes with an employee's work performance." *Id.* (quoting *EEOC v. WC&M Enters.*, 496 F.3d 393, 399 (5th Cir. 2007)).

The only summary-judgment evidence suggesting that Harris was subjected to a hostile work environment is his deposition testimony indicating that: (i) Cooper yelled at him for not doing his job correctly; (ii) Harris requested but did not receive training on certain equipment; (iii) Harris heard about a comment that Cooper made to a different African American employee indicating that a monkey could do that employee's job; and (iv) Cooper would break up groups of African American employees who were waiting for work to begin but not groups of white employees. Even taken in the light most favorable to Harris, this is not the sort of severe and pervasive harassment that is actionable under Title VII. *Compare Dailey v. Shintech, Inc.*, 629 F. App'x 638, 640, 644 (5th Cir. 2015) (plaintiff failed to establish a hostile work environment even though his supervisor called him "a 'black little motherf—r' on at least two occasions" and the supervisor said "he would 'kick his black a—s'"), *with Dediol*, 655 F.3d at 439, 443 (a genuine dispute existed when the plaintiff "endured a pattern of name-calling of a half-dozen times daily" that "may have interfered with his pecuniary interests" and when, "[o]n many occasions, there were incidents of physical intimidation and/or violence" involving the plaintiff's supervisor).

## II.

For the foregoing reasons, we AFFIRM the judgment of the district court.